## DAYTON (City) v STIVER

Ohio Appeals, 2nd Dist, Montgomery Co

No 1681.  Decided May 26, 1941

Ernest W. Kruse, Dayton, for plaintiff-appellee.

Thomas, Hyer, Leyland & Stewart, Dayton, for defendant-appellant.

## OPINION

By BARNES, J.

The above entitled cause is now being determined as an error proceeding by reason of defendant's appeal on questions of law from the judgment of the Municipal Court of the City of Dayton, Ohio, Criminal Division.

On or about April 3, 1939, a warrant was issued from the Municipal Court of the City of Dayton, Criminal Division, for the arrest of Mark H. Stiver, by virtue of an affidavit filed in said court charging the defendant with failure to give a proper signal of his intention to make a left hand turn while operating a truck on Hillcrest Avenue in said city, in violation of a city ordinance.

Defendant entered a plea of not guilty, and thereafter the cause was submitted on an agreed statement of facts. The defendant was found guilty and sentenced to pay a fine. Proper steps were taken through which the action was filed in our court under an appeal on questions of law.

The particular provision of the traffic ordinance of Dayton which defendant is claimed to have violated, reads as follows:

"Sec. 237. That the following signals shall be observed, to-wit: * * *

(b) Before a vehicle turns to the left, the left arm shall be extended horizontally and held stationary for a sufficient time to apprise approaching vehicles of the intended turn. * * *

Provided, however, when, because of the construction of the vehicle, it is not practical to give the above signals, some other appropriate, timely and visible signal shall be given.

In lieu of the signals above required appropriate signals may be given by a mechanical or electrical device which conveys an intelligent signal or warning to another vehicle approaching from the rear.

Provided further, that a driver of a vehicle to whom a signal has been given shall keep his vehicle under such control as to be able to avoid an accident resulting from a misunderstanding of such signal."

The agreed statement of facts is in the words and figures following:

"It is agreed and stipulated between counsel that the evidence would show the following undisputed facts, upon which the plaintiff contends that a violation as charged is present and the

defendant contends that he is not guilty and should be dismissed.

The defendant is forty-eight years of age, married and has been employed for a number of years by The St. John Transportation Company as a school bus driver. At the time specified in the affidavit of complaint defendant was not driving a GMC truck as charged but was operating St. John school bus No. 55. The seating capacity of the bus was thirty-six passengers and was a 1936 model GMC chassis with a 1936 Union City body. The bus was painted a brilliant tan. The defendant at the time of the violation charged was picking up crippled children for the purpose of transporting them to the Gorman School for Crippled Children. Nine of such crippled children were passengers in the bus at the time, the last passenger having boarded the bus about one block from the intersection of Hillcrest and Valleyview Avenues, where the bus was in collision with a Buick sedan owned and operated by one Laura Altherr. The bus was proceeding west on Hillcrest Avenue and was in the act of turning left into Valleyview Avenue when it was struck in its left side just in back of the left front door. Valleyview Avenue runs south from but does not cross Hillcrest. Laura Altherr was passing the bus on a rather steep grade and at this intersection. She was arrested on a charge of failing to give a proper signal of her intention to pass the bus and her case is pending in this court. Following the collision the police were called and a customary accident report was completed by R. L. Berger, investigation officer and also the prosecuting witness. In this report Officer Berger records that there was no improper driving on the part of this defendant and that there were no defects in the equipment of the school bus.

Owing to the construction of the school bus, the hand signal referred to in Section 237 of the traffic ordinance was impractical. This is evident from the picture of the bus attached hereto as defendant's 'Exhibit A'. The bus contained a large sign with the words 'School Bus'. This sign was situated at the top of the rear of the bus. There was situated at the bottom of the rear of the bus two large red reflector lights and in addition to these there was in existence and in operation two red alternating flasher signal lights, operating mechanically and being operated by the defendant as he was attempting to make his left turn. These lights are clearly shown by the picture of the bus attached hereto as defendant's 'Exhibit B'. The fact that these flasher signal lights would still operate after the collision was verified by the investigating officer. No means were provided by which one approaching the bus from the rear could differentiate an intention to stop from an intention to turn left or right. In October, 1938, at the beginning of the school term the bus underwent the customary inspection by the State Highway Patrol and a photostatic copy of the Inspection Certificate of Approval provided by the State of Ohio is attached hereto as defendant's 'Exhibit C.'

These are the facts which it is admitted would be established by the evidence and upon which a conviction is sought by the plaintiff and a dismissal is urged by the defendant."

Appellant's assignment of errors is set forth under three separately numbered specifications, but only the first and second are referred to in the brief. These specifications may be summarized under the single heading that the finding, decision and judgment of the trial court were contrary to the law and weight of the evidence.

Photographs of the school bus in question are attached to the agreed statement of facts under Exhibits A and B. These exhibits are particularly helpful in connection with the agreed statement of facts.

No claim is made that the defendant gave signal by extending his left arm horizontally as an indicated intention of making a left turn. It is agreed that the construction of the vehicle was such that it was not practical to give an arm signal. The ordinance provides that

under such situation the driver must give some other appropriate, timely and visible signal. In addition the ordinance provides that in lieu of the signals above required (arm signals), appropriate signals may be given by mechanical or electrical devices which convey an intelligent signal or warning to another vehicle approaching from the rear. Counsel for defendant contend that appropriate signals were given by an electrical device attached to the rear of the bus. This is specifically set out in the agreed statement of facts in the following language:

"There was situated at the bottom of the rear of the bus two large red reflector lights and in addition to these there was in existence and in operation two red alternating flasher signal lights, operating mechanically and being operated by the defendant as he was attempting to make his left turn."

The sole question for the determination of the trial court and for our court is whether or not the described mechanical or electrical device conveyed an intelligent signal or warning.

It is admitted under the agreed statement of facts that the mechanical or electrical signals had no means of differentiating whether the bus was going to stop, turn right or turn left.

As we understand the agreed statement of facts, nothing is claimed in the instant case for the reflectors located on the rear of the bus. The electrically operated red lights alternated, and hence the term "alternating flasher lights". While the agreed statement of facts does not indicate, we assume that these were operated by the driver of the bus placing his foot on the brake. These flasher lights are very similar to what all drivers on the highway observe in the ordinary passenger car when the brakes are applied, except on the passenger car they do not alternate but show a continuous red light as long as the foot is on the brake. From the operating flasher lights indication would be given that the driver of the school bus was going to do something. Knowl-

edge would be conveyed that he had placed his foot on the brake and started the operation of the alternating flasher lights. Immediately the forward movement of the bus would be slackened.

We are unable to see that these alternating flasher lights would convey an intelligent signal or warning of an intention to turn to the left. This fact is specifically set out in the agreed statement of facts.

Under the law relating to arm signals, different positions of the arm indicate whether the operator is going to stop, turn right or turn left. Each one of these signals is different. Where a mechanical or electrical device is permitted, the signal so given should differentiate between stop, turn right or turn left. It being conceded that there was no differentiation, it necessarily follows that there was not such an intelligent signal or warning as required under the ordinance.

We determine that the trial court was correct in its determination and judgment.

Finding no error, the judgment of the trial court will be affirmed.

Costs will be adjudged against the appellant.

Entry may be drawn accordingly.

HORNBECK, J., concurs.
GEIGER, PJ., dissents.

GEIGER, PJ., Dissenting:

The agreed construction of the bus prevented the hand signals. The mechanical or electrical device was designed to and did give an "intelligent" signal and warning to the car following. The driver of that car was required to "keep his vehicle under such control as to be able to avoid an accident resulting from a misunderstanding of such signal." This is a recognition of the fact that the mechanical or electrical, as well as the manual signal, might be such as to be misunderstood. The mechanical or electrical signal was an appropriate signal that the bus was going to do

something that required the following driver to be alert. This was all that the ordinance required of a mechanical or electrical signal. There is no provision that the mechanical or electrical signal shall indicate in which direction the bus is to turn, as in the manual signals. The misunderstanding might attach to either the manual or the mechanical signal. The device used gave an "intelligent" signal. The fact that it was misunderstood by the following driver was not the fault of the bus driver.

It appears that the point at which the bus gave its signal was on an incline. For the driver of the bus to have given any other signal than he did would have required him to put on his brake and leave the bus, which was partly filled with crippled children, in order to give a manual signal that he intended to make a left turn at that point. Of course, had the bus been equipped with an electrical device which would have enabled the driver to indicate the direction in which he intended to turn, he could have more definitely advised the following driver.

The ordinance also provides that when it is not "practical" to give the manual signal. "some other appropriate, timely and visible signal shall be given". No reference to right or left turn is there specifically made. "The bus was painted a brilliant tan" and contained a large visible sign with the words "School Bus". Both these signals are "appropriate, timely and visible". If the school bus was stationary, the other car had no right to pass, whether proceeding with or against the course of the bus, as is well known to all drivers.

Valley-View Avenue, into which the bus was turning, does not cross Hillcrest Avenue, on which the bus had been proceeding westward. When the right to pass a stationary school bus is denied the following car and when there was no right turn possible, because Valley-View Avenue did not cross Hillcrest Avenue, there was only one thing to which the flasher signal or sign "School Bus" could be appropriate and

that was to the left turn. The bus driver did all that he was required to do, to give an "intelligent" signal. If the following driver did not observe it or understand it, the bus driver was not liable under the ordinance.