**MERCURIO et, Plaintiffs-Appellees, v. HUGHES & LOOKER et, Defendants-Appellants.**

Ohio Appeals, Second District, Fayette County.

No. 267.   Decided November 23, 1951.

Wiles & Doucher, Columbus, for plaintiffs-appellees.
Junk & Junk, Washington C. H., for defendants-appellants.

### OPINION

By HORNBECK, PJ.

This is an appeal on questions of law from a judgment of the Common Pleas Court in favor of plaintiffs against defendants upon a directed verdict against the defendants on their cross-petition at the conclusion of all of the testimony and upon a special verdict in behalf of the plaintiff upon issues joined upon the amended petition and answer.

The petition was for damages sustained by reason of a collision between a truck trailer of the plaintiff, Mercurio, and

a motor vehicle of the defendants, on Route 3, in Fayette County. The Mercurio truck was moving in a northerly direction as was the defendants' motor vehicle. The defendants had placed on their automobile a hammer mill, a mixer and a corn sheller. The defendants' motor vehicle was moving in its right lane on Route 3 intending to turn into a private driveway on the left or west side of the road. As the driver of the defendants' motor vehicle was making the turn, the Mercurio truck, which was attempting to pass on the left of the automobile, came into collision with it.

The negligence charged against the defendants was, turning their vehicle without first making sure that the change of direction could be made in safety; in failing to keep a proper lookout; in failing to give a signal before turning their motor vehicle from the path in which they were going, and in failing to yield the right of way. The defendants answered with a general denial and set up a cross-petition alleging that the collision was caused by the sole negligence of the driver of the Mercurio truck without any specific averment of negligence.

After the trial judge had directed a verdict against the defendants on their cross-petition, both Mercurio and defendants tendered special verdicts to be submitted to the jury. Three forms of verdict were submitted and the jury returned the verdict which had been proffered by plaintiffs.

The first error assigned is that the Court erred in directing a verdict against defendants on their cross-petition. Manifectly, the directed verdict was given upon the conclusion that, as a matter of law, the defendants were contributorily negligent in that there was negligence per se in the violation of §6307-38 GC in the failure of the driver of defendants' motor vehicle to give a signal of his intention to turn left, in sufficient time to give ample warning to the driver of the Mercurio truck, and that such negligence was a proximate cause of the collision.

Upon the most favorable interpretation of the evidence in favor of defendants which was required on the motion for a directed verdict it develops that for some distance before making the turn to move into the private driveway, the defendants' motor vehicle slowed down and the driver used his brake thereby causing a red flasher light to be displayed in the rear of the motor vehicle. This signal was not directional but merely the stop light which ordinarily appears on motor vehicles. It is conceded by the testimony of the driver of defendants' motor vehicle and his partner who was riding with him that no arm signal was given of an intention to turn to the left.

Upon the evidence developed there was a violation of §6307-38 GC by the driver of defendants' motor vehicle and such violation was negligence per se. **Dayton v. Stiver, 34 Abs 258,** approved and followed.

It is ably argued by counsel for appellants that there was presented a factual issue for the jury to determine whether or not under all the circumstances the stop light was a signal of intention to turn in conformity with the provisions of §6307-38 GC. We concede that the stop light was a signal but it did not comply with all of the requisites of the applicable section because it did not give any indication of an intention to turn to the left. The purpose of the statute is to require the driver who intends to make a turn to the right or left to give a signal which will indicate his intention to turn either right or left. Anything less will not be sufficient. (c) of the section treats of a situation wherein it would be appropriate to use the brake or stop signal, namely, upon a stop or sudden decrease in the speed of the vehicle.

But appellants urge that if it be conceded that the statute was violated there remained the question whether or not such negligence was a proximate cause of the collision which should have been submitted to the jury.

Since the announcement of the opinion of our Supreme Court in **Glaeso v. Mendelman, 143 Oh St 649,** there arises the question whether upon any factual development proximate cause may be determined as a matter of law. Indeed, this case affords considerable support for the proposition that even though negligence clearly appears proximate cause should always be submitted to a jury for determination, although there has been at least one case since the cited case wherein the Supreme Court has held that proximate cause may be determined as a matter of law. However, conceding, but not deciding, that the question of proximate cause should have been submitted to the jury in the first instance the failure to do so could not have been prejudicial because the jury in its special verdict decided the question against the appellants. It may be assumed that the jury would not have held differently on the cross-petition that it did on the amended petition and answer thereto.

The second error assigned is that the special verdict returned by the jury did not include all the issues which the case presented and did not include a finding upon all facts essential to a proper judgment in the case. Citing **Wills v. Anchor Cartage & Storage Co., 38 Oh Ap 358, 376; Dowd-Feder Co. v. Schreyer, 124 Oh St 514.** It is contended particularly that the special verdict did not determine the question of the

contributory negligence of the driver of the Mercurio truck in that it did not make any finding as to the speed of the truck. The defendants pleaded that the sole negligence of the Mercurio truck driver was responsible for the collision and their evidence tended to support their contention of speed by the Mercurio truck that was excessive.

The special verdict returned by the jury found that at the time and place of the collision the Mercurio driver "made an audible signal of his intention to pass defendants' motor vehicle" and "while it was passing the motor vehicle * * * the defendants turned to the left to go into a private drive or roadway without first having given appropriate signal of their intention to turn said motor vehicle; and collided with the motor vehicle of the plaintiff, John Mercurio." "And we find that the foregoing acts and omissions of the defendants were the proximate cause of the damage to the plaintiffs."

The special verdict which was tendered by appellants made specific findings that the "driver of the Mercurio truck failed to give an audible signal of its intention to pass defendants' vehicle and that the Mercurio vehicle was being operated at a rate of speed greater than was reasonable and proper, having due regard for the traffic conditions then existing on said highway," and further found "that the foregoing acts and omissions of the plaintiff contributed directly to produce the proximate cause of the collision." This special verdict was not returned by the jury.

In our opinion, the special verdict returned by the jury was sufficient to support the judgment entered thereon. It bears the construction that there was no contributory negligence on the part of the driver of the Mercurio truck which finding is corroborated by the failure of the jury to adopt the special verdict of the defendants.

The special verdict returned requires the conclusion that the defendants were negligent as a matter of law. The jury said that such negligence was **the** proximate cause of the collision. (Emphasis ours.) It was not incumbent upon the plaintiff to disprove contributory negligence. There is no suggestion in the testimony on behalf of Mercurio of contributory negligence. Thus, the burden at all times to establish contributory negligence of the Mercurio driver was upon the defendants. The second syllabus in **Noseda v. Delmul, 123 Oh St 648,** is applicable.

The third error assigned is that the Court in entering judgment on the special verdict did not pronounce the law upon the facts as therein determined.

The Court having taken the special verdict with its findings

and having entered judgment thereon by such action found that in applying the law to the facts the judgment should be entered as was done.

We find no error assigned well made.

The judgment will be affirmed.

WISEMAN and MILLER, JJ, concur.